RECEIVED
APR 04 2019
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | | |
|---|---|---|
| Noah J. McCourt<br>*Plaintiff,*<br>v.<br>City of Victoria<br>*Respondent.* | **COMPLAINT**<br>***DEMAND FOR JURY TRIAL*** | 19cv945 DSD/HB |

---

Plaintiff Noah J. McCourt, appearing pro se, for his Complaint against Defendant City of Victoria states and alleges as follows:

### PARTIES

1. Plaintiff, Noah J. McCourt, is a resident of the City of Waconia, Carver County, State of Minnesota.

2. Defendant, City of Victoria is Municipal Corporation operating at 1670 Stieger Lake Lane Victoria, Minnesota 55386.

3. Defendant City of Victoria operates a website located at https://www.ci.victoria.mn.us/

### JURISDICTION & VENUE

4. Jurisdiction is based upon 28 U.S.C. §§ 1331. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

### FACTUAL BACKGROUND

SCANNED
APR 05 2019
U.S. DISTRICT COURT ST. PAUL

5. Plaintiff McCourt is a well-known advocate in the areas of mental health and disability rights. He was appointed by Minnesota Governor Mark Dayton to the Governor's Council on Mental Health Disabilities. He also serves as the Chair of the State Subcommittee on Children's Mental Health. He also serves on the Steering Committee of the Governor's Council for Diversity and Inclusion. He sits on the board of directors of both the Minnesota Association on Children's Mental Health and Move Minnesota (previously known as Transit for Livable Communities). He also serves on the Public Policy Committees of ARC Minnesota and the Autism Society. His expertise led him to speak before the United Nations in March of 2016. He also formerly served as a commissioner on the Chaska Human Rights Commission.

6. An aspect of Plaintiff McCourt's advocacy work involves policy development to ensure that units of government provide respectful, appropriate services to all members of the public, including people with mental health issues or disabilities. Plaintiff McCourt will often submit data requests to cities to measure a given structure's compatibility with ADA Accessibility standards promulgated by the US Department of Justice.

7. Plaintiff McCourt was diagnosed with Autism Spectrum Disorder and Developmental Coordination Disorder at age 3 has difficulty with abstract concepts, sensory processing, fine motor skills and gross motor skills. Mr. McCourt also has Attention Deficit disorder and finds bright color schemes irritating and distracting to his work. Mr. McCourt's medication hasgiven him hand tremors that over the years have made it increasingly difficult to utilize a mouse.Given

these facts, Plaintiff McCourt will often only utilize a keyboard while working on a computer.

8. On or around July 21, 2018 Plaintiff McCourt attempted to utilize the City of Victoria's website to locate several City policies including their data access policy that municipal corporations are mandated to develop under the Minnesota Data Practices Act, however he was unable to navigate the city's website to conduct the search. He found the website to be confusing as there was a lack of consistency in the headings and he was unable to navigate the website to find the needed policies and forms using only a keyboard.

9. Recognized standards exist for the preparation and presentation of universally designed mainstream digital content. For example, the International Digital Publishing Forum hasestablished the ePub 3 standard for published digital content, and the World Wide Web Consortium has promulgated Web Content Accessibility Guidelines 2.0.

10. Like a public accommodation that decides to create entrance steps and no ramp, accessibility problems arise when a City makes, As the City of Victoria has, procurement decisions about digital content without considering whether residents with disabilities will have integrated access to the content. The City of Victoria compounds that failure by not converting inaccessible content to accessible content in alternative formats so that those residents may have access to county-related content at the same time as their nondisabled neighbors.

11. Plaintiff McCourt relies on descriptive titles, appropriate graphics and multiple methods of navigation to comprehend data, images, diagrams that appear digitally and in print in his daily efforts as a disability advocate. Defendant, City of Victoria has not provided plaintiff with an equal opportunity to access data in accordance with the Minnesota Government Data Practices

Act. This data and the ability to access it are a crucial part of Plaintiff's McCourt's work as a disability advocate and this failure means that he is deprived of significant bodies of information that can be communicated timely and effectively to his neighbors.

12. Plaintiff's McCourt experiences have been humiliating and demoralizing. Plaintiff McCourt has not been provided an equal opportunity to learn and conduct independent research. His work as an advocate does not necessarily reflect a full knowledge of the issues faced by individuals with disabilities in his community, as he cannot access significant portions of data, policies and/or forms to access the data.

## COUNT I

### *Violations of Title II of the Americans with Disabilities Act*
### *42 U.S.C. § 12131 et seq.*

13. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs, as if alleged herein.

14. The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., guarantees equal access for qualified individuals to the benefits of the services, programs or activities of a public entity. 42 U.S.C. § 12132 et seq. Title II of the ADA mandates, inter alia, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42

U.S.C. § 12132.

15. Furthermore, such public entities "shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." 28 C.F.R. § 35.160(b)(1).

16. The City of Victoria is a municipal corporation and is a public entity under Title II of the ADA.

17. Plaintiff McCourt is an individual with a disability s defined under the Americans with disabilities act

18. The City of Victoria operates a website at https://www.ci.victoria.mn.us/

19. Mr. McCourt cannot access data, forms and information via the defendant, City of Victoria's website

20. The City of Victoria has failed and is failing its obligations to provide residents with disabilities the same opportunities to access their website as is provided to those without disabilities, The City of Victoria has excluded plaintiff McCourt from participation in, denied him the benefits of, or otherwise discriminated against him in its facilities, services, programs or activities.

**COUNT II**

*Violations of § 504 of the Rehabilitation Act of 1973*

**29 U.S.C. § 794 et seq.**

21. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs, as if alleged herein.

22. Section 504 of the Rehabilitation Act mandates that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

23. Section 504 defines "program or activity," in pertinent part, as "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government; or the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government . . . ." 29 U.S.C. § 794(b) (1). Such federally funded programs and activities must provide aids and services that "afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs." 45 C.F.R. § 84.4(b)(2).

24. The City of Victoria receives federal grants, contracts, and other financial assistance, thereby

subjecting itself to the requirements of Section 504.

25. Plaintiff McCourt is a qualified individual with a disability under Section 504.

26. The City of Victoria has, solely by reason of his disability, excluded Plaintiff McCourt from participation in, denied him the benefits of, and otherwise discriminated against him in its facilities, services, programs or activities.

27. The City of Victoria's actions constitute intentional discrimination on the basis of a disability in violation of the Section, in that the City : (1) has failed to maintain policies and procedures to ensure compliance with Section 504, specifically policies that provide equal access and effective communication to individuals with disabilities; (2) has failed to ensure that communications with Plaintiff McCourt were as effective as communications with those who are nondisabled (3) has failed to provide auxiliary aids and services or to modify policies and procedures to prevent discrimination; (4) has failed to provide reasonable modifications of policies, practices, and procedures; (5) has purchased and deployed new equipment and software that is inaccessible to Plaintiff McCourt after the effective date of Section 504; (6) has failed to provide information in a manner that is timely, equally effective and equally integrated; and (7) has otherwise discriminated against Plaintiff McCourt.

## COUNT III DISABILITY DISCRIMINATION – MHRA

### Minn. Stat. § 363A.08, subd. 6

28. All preceding Paragraphs are incorporated herein.

29. The MHRA prohibits a covered entity from failing to make "reasonable accommodation to the known physical or mental limitations of a qualified disabled person." Minn. Stat. § 363A.08, subd. 6.

30. Plaintiff is a qualified disabled person as defined by Minn. Stat. § 363A.03, subd. 36. Defendant knew that Plaintiff is disabled, regarded him as disabled, and/or knew that Plaintiff had a record of disability.

31. Defendant is a municipal corporation and is a covered entity under the MHRA

32. In violation of the MHRA, Defendant failed to provide Plaintiff with a reasonable accommodation.

33. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer, mental anguish, emotional distress, embarrassment, and other damages.

## COUNT IV DISABILITY DISCRIMINATION – MHRA

### Minn. Stat. § 363A.12 subd. 1

34. All preceding Paragraphs are incorporated herein.

35. The MHRA states that is unfair discriminatory practice to discriminate against any person in the access to admission to or full utilization of from any public service because of race color, creed, religion, national origin, sex, disability, orientation or status with regard to receiving public assistance.

36. Plaintiff is a qualified disabled person as defined by Minn. Stat. § 363A.03, subd. 36.

Defendant knew that Plaintiff is disabled, regarded him as disabled, and/or knew that Plaintiff had a record of disability.

37. Defendant is a municipal corporation and is a covered entity under the MHRA

38. In violation of the MHRA, Defendant failed to provide access to a public service

39. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, embarrassment, and other damages.

PRAYER FOR RELIEF WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

40. For compensatory damages for loss of income, emotional distress, and all other damages available under the ADA and the MHRA;

41. For treble damages as allowed by Minn. Stat. § 363A.29 subd. 4;

42. For assessment of a civil penalty, payable to the State of Minnesota, pursuant to the Minnesota Human Rights Act;

43. For injunctive relief;

44. For leave to amend the Complaint to include a claim for punitive damages; and

45. For such further and other relief as the court deems just, fit and equitable

Respectfully Submitted,                                November 19, 2018

*[signature]*

Noah J. McCourt 33 W Lake St. 404
Waconia, MN 55387 #404
PRO SE